IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| AUDREY CLEMENT,<br>    Plaintiff,<br><br>    v.<br><br>KYM HALL, National Capital Area<br>Director, National Park Service,<br>    Defendant. | No: 1:22-cv-00867–MSN-WEF |

### MEMORANDUM OPINION & ORDER

This matter comes before the Court on Defendant's Motion to Dismiss (Dkt. No. 7). Upon consideration of the motion, and for the reasons set forth below, this Court will grant Defendant's Motion to Dismiss.

### I.     BACKGROUND

#### A.     Procedural Background

Clement filed a Complaint on August 1, 2023 bringing a claim under the Federal Tort Claims Act resulting from a car accident at a parking area near the Chesapeake and Ohio ("C&O) Canal National Historic Park. *See* (Dkt. No. 1) ("Compl." or "Complaint"). Clement named Kym Hall, National Capital Area Director of the National Park Service ("NPS") as the defendant. *See id.* at 2.[1] On October 6, 2022, Hall filed a motion to dismiss for lack of jurisdiction. (Dkt. No. 7) ("Mot." or "Motion"); *see also* (Dkt. No. 8) ("Def. Mem."). On October 24, 2022, Clement filed an opposition to the Motion. (Dkt. No. 11) ("Opp."). Hall filed a reply on October 31, 2022. (Dkt. No. 12) ("Reply"). On November 14, 2022, Clement filed a Motion to Reply to Defendant's Reply (Dkt. No. 13), which seeks leave to respond to Hall's Reply, and a brief responding to the Reply on the merits

---

[1]     The citations to the Complaint refer to the page numbers of the document filed as Docket Number 1.

1

(Dkt. No. 14). Although sur-replies are disfavored, *Trustees of Columbia Univ. in City of N.Y. v. Symantec Corp.*, No. 3:13-cv-808, 2019 WL 13189619, at *2 (E.D. Va. Oct. 10, 2019) ("'[s]ur-replies . . . are highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on the matter'"), the Court grants Clement's request to file a sur-reply in this matter and has considered the arguments advanced by Clement in her sur-reply in rendering a decision on Hall's Motion.

### B. Factual Background

Clement alleges that on May 16, 2021 at 7:15 a.m., she was in a rental car in a parking lot of the C&O Canal National Historic Park near Fletcher's Cove in Washington, D.C. Compl. at 5. She was traveling "no more than 5 miles an hour" when she "accidentally rolled a 2021 Nissan Versa over a 15 foot embankment" in the parking lot. *Id.* Clement alleges that the car then "rolled down a steep embankment, flipped over, and landed upright in the empty canal." *Id.* The roof of the vehicle was partially crushed, and the rental car service determined that it was "beyond repair." *Id.* Clement alleges that she paid the rental car service $16,750 for the damages to the vehicle. *Id.* According to Clement, the accident would not have occurred had there been guardrails in that section of the parking lot. *Id.* Clement filed the Complaint against Hall alleging that the National Park Service was "negligent in failing to provide a guard rail in the parking lot abutting the C&O Canal," and seeking damages under the Federal Tort Claims Act ("FTCA") for damages in the amount that Clement paid to the car rental service. *Id.*

## II.    LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges a court's jurisdiction over the subject matter of the suit. It is plaintiff's burden to prove jurisdiction, and the court "regard[s] the pleadings' allegations as mere evidence on the issue[] and may consider evidence outside the pleadings without converting the proceeding to one for summary

2

judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

A complaint by a *pro se* plaintiff should be liberally construed. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). But the Court's "task is not to discern the unexpressed intent of the plaintiff." *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). A *pro se* complaint must still "contain sufficient facts 'to raise a right to relief above the speculation level' and 'state a claim to relief that is plausible on its face.'" *Hundley v. Thomas*, 719 F. App'x 250, 251 (4th Cir. 2018) (quoting *Twombly*, 550 U.S. at 555, 570).

### III.   ANALYSIS

The Court finds that it lacks subject matter jurisdiction over this action.[2] "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 474 (1994). The FTCA waives the United States' sovereign immunity with respect to certain damages actions based on "the negligent or wrongful act[s] or omission[s]" of federal employees. 28 U.S.C. § 1346(b)(1). But there are certain limited exceptions to the FTCA's waiver of sovereign immunity. *See Medina v. United States*, 259 F.3d 220, 223 (4th Cir. 2001). Hall argues that one of these limited exceptions—the discretionary function exception—to the FTCA applies here and deprives this Court of jurisdiction over Clement's suit. The Court agrees.

Under the discretionary function exception, the United States preserves its immunity as to any claim "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a).  If the exception applies, a court lacks subject matter jurisdiction over an FTCA claim. *Holbrook v. United States*, 673 F.3d

---

[2]   Because the Court dismisses the action on other grounds, the Court does not address Hall's argument that dismissal is proper because only the United States is a proper defendant to a FTCA claim and, here, Clement named only Hall—an NPS official leading the agency's national Capital Region park facilities—as a defendant. Def. Mem. at 4-5.

241, 345 (4th Cir. 2012). The exception applies if (1) "the challenged governmental conduct involves an element of judgment or choice" because no "statute regulation, or policy prescribes a specific course of action," and (2) "the judgment was one that the exception was designed to protect, namely, a judgment based on considerations of public policy." *Rich v. United States*, 811 F.3d 140, 144 (4th Cir. 2015).

Both prongs of the exception are satisfied here. First, the challenged governmental conduct—the decision not to install guardrails in a particular section of a parking lot near the C&O Canal National Historic Park—involves an element of "judgment or choice." *See Rich*, 811 F.3d at 144. The inquiry under this first prong "boils down to whether the government conduct is the subject of any mandatory federal statute, regulation, or policy prescribing a specific course of action." *Baum v. United States*, 986 F.2d 716, 720 (4th Cir. 1993). Hall identifies two NPS policy statements that concern the construction of guardrails within park facilities—NPS' *Park Road Standards* document and *NPS Management Policies*. Def. Mem. at 7–8.[3] Neither of these documents, however, prescribes a specific course of action that NPS officials must take with respect to the installation of guardrails. The *Park Road Standards* document states that "guardrail or guardwalls should be installed at points of unusual danger such as sharp curves and steep embankments, particularly at those points that are unusual compared with the overall characteristics of the road." Ex. A. to Mot. (Dkt. No. 8-1) (*Park Road Standards* at 32). The use of the word "should" in the document is critical, as it signifies that the guidance regarding guardrails is *discretionary* and imposes no mandatory directive on NPS officials. *See In re Glacier Bay*, 71 F.3d 1447, 1453 (9th Cir. 1995) (finding that, in the discretionary function context, the use of "should" in government manual "place[s]" discretion in the hands of the field [officials]").[4]

---

[3]  As discussed above, on a Rule 12(b)(1) motion, the Court may consider materials beyond the Complaint in order to assess whether it possesses subject matter jurisdiction. *Richmond*, 945 F.2d at 768.
[4]  In her Opposition, Clement urges the Court to ignore the distinction between "should" and "shall" in the NPS

4

And the *NPS Management Policies* document expressly states that "decisions about whether to . . . install guardrails and fences" is "left to the *discretion* of superintendents and other decision-makers at the park level who must work within the limits of funding and staffing." Ex. B. to Mot. (Dkt. No. 8-1) (*NPS Management Policies 2006* at § 8.2.5.1) (emphasis added). The Court therefore concludes that NPS' decision about where and whether to install guardrails in its parks or parking areas is not the subject of any mandatory federal statute, regulation, or policy prescribing a specific course of action.

"If no such mandatory statute, regulation, or policy applies to remove the challenged conduct from the choice and judgment of the government, then [the Court] move[s] to the second tier of the . . . analysis and ask[s] whether the choice or judgment involved is one 'based on considerations of public policy.'" *Baum*, 986 F.2d at 720. Where the relevant statute, regulation, or agency guideline permits discretion, "'it must be presumed that the [Government's] acts are grounded in policy when exercising that discretion.'" *Clendening v. United States*, 19 F.4th 421, 435 (4th Cir. 2021) (citing *United States v. Gaubert*, 499 U.S. 315, 324 (1991)). This is a strong presumption. *Id.* Accordingly, here, there is a strong presumption that the decision whether and where to install guardrails in the parking lot in which the accident occurred is based on public policy considerations. Moreover, the *NPS Management Policies* document explicitly states that economic considerations are a large factor in driving these judgment calls, as "decisions about whether to . . .

---

*Park Road Standards* document because the document uses "should" much more frequently—151 times according to Clement—than "shall," which is only used four times according to Clement. Opp. at 4. That one word is used much more frequently than another does not collapse the distinction between the two terms; indeed, if anything, the usage suggests that the drafters of the *Park Road Standards* knew precisely how and when they intended certain policies to be mandatory and when they intended certain policies to be discretionary. In addition, in her sur-reply, Clement contends that the distinction drawn between "shall" and "should" by the Ninth Circuit in *In re Glacier Bay* is not applicable here because the respective policy statements were prepared for different audiences: Clement argues that because civil engineers were the intended audience of the *Park Road Standards* document, the Court can imply the policies discussed therein as mandatory based on the nature of civil engineer work, which must be exacting in order to be properly completed. Sur-reply (Dkt. No. 14) at 3. The Court rejects that argument, as it requires the Court to ignore the drafters' deliberate use of "shall" versus "should" in the document, and would also result in a blanket rule that *all* policies directed at civil engineers, regardless of content or specific language used, would be construed as mandatory directives.

install guardrails and fences" are "left to the discretion of superintendents and other decision-makers at the park level who must work within the limits of funding and staffing." *NPS Management Policies 2006* at § 8.2.5.1.

Indeed, the Fourth Circuit's decision in *Bowman v. United States*, 820 F.2d 1393 (4th Cir. 1987), is highly instructive. The Fourth Circuit concluded that plaintiff's FTCA claim alleging negligence for NPS' failure to "place a guard rail along" an embankment of the Blue Ridge Parkway was barred under the discretionary function exception. *Id.* at 1395. The appellate court concluded that regardless of whether the decision not to install a guardrail at the spot of the accident "grew out of a lack of financial resources, a desire to preserve the natural beauty of the vista, a judgment that the hazard was insufficient to warrant a guardrail, or a combination of all three," it was clear that the decision "was the result of a policy judgment." *Id.* So too here. Particularly because NPS officials decided to install guardrails in *some* areas of the parking lot and not in other areas—a decision that could objectively be based on any one or combination of factors, including preserving the scenic view of the canal embankment—the Court finds that NPS officials' decisions about whether to install guardrails in the parking lot of the C&O Canal National Historic Park is based on considerations of public policy. Accordingly, the Court finds that the discretionary function exception to the FTCA applies.

In her Opposition, Clement raises a new cause of action not alleged in the Complaint. She argues that the NPS' decision to install concrete barriers in the area of the parking lot utilized by park service workers but not in the area utilized by park visitors violates her constitutional right to equal protection. Opp. at 4–6; Sur-reply at 3–4. Clement states in her sur-reply that she intends to assert these as standalone claims without reference to the FTCA. Sur-reply at 4. Although Clement has not alleged these causes of action in the Complaint and the Court would be acting within its discretion in denying to consider these new allegations at this stage, *see S. Walk at Broadlands*

6

*Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013) ("It is well established that parties cannot amend their complaints through briefing or oral advocacy."), the Court will nevertheless briefly address the merits given plaintiff's *pro se* status, *see Smith v. Blackledge*, 451 F.2d 1201, 1202–03 (4th Cir. 1971).

Clement essentially alleges that NPS has violated her (and other park visitors') right to equal protection because NPS has prioritized the safety of workers over visitors by deciding to install barriers where workers park but not where visitors park (which abuts the canal). Opp at 4–5. The parties agree that Clement's equal protection claim would receive only rational basis review. *Id.* at 5; Sur-reply at 4; Reply at 4. Indeed, a burden or classification that does not impinge a fundamental right does not ordinarily raise concerns and receives only rational basis review. *See FCC v. Beach Commc'ns*, 508 U.S. 307, 314–15 (1993). Under the rational basis standard, the challenged government conduct need only be "'rationally related to a legitimate state interest.'" *Pulte Home Corp. v. Montgomery Cty.*, 909 F.3d 685, 693 (4th Cir. 2018). This hurdle is cleared "if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." *Beach*, 508 U.S. at 313. Here, Hall provides a very conceivable rationale for treating the portion of the parking area that abuts the canal (where visitors park) differently from other portions of the parking area—a "desire not to interfere with the aesthetics of the canal and the public's view of the same." Reply at 4. Accordingly, the Court finds that even if Clement had alleged that the United States had violated her constitutional right to equal protection in her Complaint, that claim would not survive rational basis review.

## IV. CONCLUSION

For the reasons stated above, it is hereby

**ORDERED** that Plaintiff's Motion to Reply to Defendant's Reply (Dkt. No. 13) is **GRANTED**; it is further

**ORDERED** that Defendant's Motion to Dismiss (Dkt. No. 7) is **GRANTED**; and it is further

**ORDERED** that the Complaint (Dkt. No. 1) is **DISMISSED**.

It is **SO ORDERED**.

/s/<br>
Hon. Michael S. Nachmanoff<br>
United States District Judge

Alexandria, Virginia
May 24, 2023